**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean Yves Brezilien,  )<br>   )<br>            Petitioner,  )<br>   )<br>vs.   )<br>   )<br>   )<br>Phillip Crawford,  )<br>   )<br>            Respondent.  )<br>   )<br>_____ ) | No. CV 05-3790-PHX-MHM (HCE)<br><br>**ORDER** |

On November 22, 2005, Petitioner Jean Yves Brezilien ("Petitioner"), a native of Haiti, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241 ("Petition"). This matter was referred to Magistrate Judge Hector C. Estrada who issued a Report and Recommendation ("R&R") on October 24, 2007, that recommends that the Court grant the Petition. Respondent Phillip Crawford (the "Government") filed an objection on November 30, 2007, contesting the Magistrate Judge's recommendation. Petitioner did not file a response.

**I.      STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if an objection is made, but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), cert. denied, 540 U.S. 900. See 28 U.S.C. § 636(b)(1)(c) ("[a] judge of the court shall make a de novo determination

1  of those portions of the report or specified proposed findings or recommendations to which
2  objection is made").  "Failure to object to a magistrate judge's recommendation waives all
3  objections to the judge's findings of fact."  Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir.
4  2000).

## II.   DISCUSSION

The Magistrate Judge, this Court, and this case are bound by the Ninth Circuit's decision in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).  In Tijani, the Ninth Circuit concluded that 8 U.S.C. § 1226(c), the same removability statute by which Petitioner in this case is being detained, requires the expeditious removal of criminal aliens.  Id. at 1242.  The Ninth Circuit held that detention under § 1226(c) of two years and eight months was unlawful, and that it was "constitutionally doubtful" that such detention was in compliance with the petitioner's due process rights.  Id.  Here, Petitioner has been detained since July 3, 2003, more than four years at the time that the R&R was filed, as an inadmissible alien subject to removal under § 1226(c).  Therefore, because Petitioner's detention significantly exceeds that in Tijani, the Court finds that Petitioner's detention pursuant to § 1226(c) is not expeditious and is thus unlawful.

In its objection to Magistrate Judge Estrada's R&R, the Government attempts to differentiate the instant case from Tijani by stressing Petitioner's concession of removability.  The Government relies heavily on Demore v. Kim, in which the United States Supreme Court stated that "[d]etention during removal proceedings is a constitutionally permissible part of the removal process."  538 U.S. 510, 531 (2003).  In Kim, the petitioner conceded removability and the Supreme Court found that his detention of six months was justified in light of Congress's concern with preventing criminal aliens from fleeing prior to or during their removal proceedings.  Id. at 528.  Because Petitioner in the instant case admitted to criminal charges, rendering him an alien who committed an offense covered in § 1182(a)(2) and subject to removal under § 1226(c), the Government

1 argues that his detention is similarly permitted pursuant to the Supreme Court's holding in
2 Kim. (Dkt. #12); 8 U.S.C. § 1226(c)(1)(A).

3 However, Kim fails to directly address whether Petitioner's lengthy detention under
4 § 1226(c) "constitutes a permissible infringement" of his due process rights. Castro v.
5 Crawford, 2007 WL 2973494, at *7 (D.Ariz. 2007). A plain reading of Kim does not
6 suggest that lengthy detentions pursuant to § 1226(c), such as that in the present case, was
7 contemplated by the Supreme Court. Id. Instead, the Supreme Court referred to "the brief
8 period necessary for . . . removal proceedings." Kim, 538 U.S. at 513. The Supreme
9 Court found that detention under § 1226(c) generally "lasts roughly a month and a half in
10 the vast majority of cases, and about five months in the minority of cases in which the
11 alien chooses to appeal." Id. at 530. Petitioner's mandatory detention since July 5, 2003,
12 clearly exceeds the "brief period" of detention envisioned in Kim. Id.

13 In addition, in Kim, the Supreme Court declined to grant a habeas petition like in
14 Zadvydas v. Davis, 533 U.S. 678 (2001), because the post-removal period of detention
15 under § 1231 in Zadvydas was considered "indefinite" and "potentially permanent," while
16 in Kim, the detention pending a determination of removability under § 1226(c) had a
17 "shorter" and more "definite termination point." Kim, 538 U.S. at 527-529. The Supreme
18 Court in Kim stated that "[u]nder § 1226(c), not only does detention have a definite
19 termination point, in the majority of cases it lasts for less than the 90 days we considered
20 presumptively valid in Zadvydas." Id. at 529. The time frame contemplated by the
21 Supreme Court is far less than the four years that Petitioner has been detained in the
22 present case. Therefore, the Court finds that Tijani applies to the case at hand and that
23 Petitioner's detention under § 1226(c) is unauthorized by law.

24 Citing Justice Kennedy's concurrence in Kim, the Government also argues that
25 Tijani does not apply to the present case by suggesting that a showing of bad faith or
26 unreasonable delay by the government must exist in order for detention to be unlawful.
27 Kim, 538 U.S. at 532; (Dkt. #12). In his concurrence, Justice Kennedy states that "[w]ere
28

- 3 -

1   there to be an unreasonable delay by the [Immigration and Naturalization Service] in
2   pursuing and completing deportation proceedings, it could become necessary then to
3   inquire whether the detention is not to facilitate deportation . . . ." Kim, 538 U.S. at 532.
4   However, earlier in his concurrence, Justice Kennedy states that the "Due Process Clause
5   prohibits arbitrary deprivations of liberty, . . . [and one] could be entitled to an
6   individualized determination as to his risk of flight and dangerousness if continued
7   detention became unreasonable or unjustified." Id. at 532.  In Tijani, where the Ninth
8   Circuit granted the petitioner's habeas petition because the removal process was not
9   "expeditious," Judge Tashima stated in his concurrence that "[i]n absolute terms" the thirty
10  months that the petitioner had been detained "reached the point of unreasonableness." 430
11  F.3d at 1241, 1249.  As such, the holding in Tijani appears consistent with Justice
12  Kennedy's concurrence.
13       Here, Petitioner has been held in custody for more than four years, which is almost
14  twice as long as the time that the petitioner was held in Tijani.  By reason of sheer length
15  of time alone, § 1226(c) can no longer authorize Petitioner's detention.  See Ali v.
16  Crawford, 2007 WL 1670165 (D.Ariz. 2007) (detention of four years under § 1226(c) was
17  not justified, even though delays were not caused by the government).  The Court declines
18  the Government's invitation to narrowly construe the holding in Kim to require a showing
19  of bad faith or unreasonable delay by the government.
20       For similar reasons, the Court does not find persuasive the Government's
21  contention that this case is distinguishable from Tijani because of a difference between
22  persons subject to criminal custody and those subject to immigration custody.
23  Specifically, the Government argues that unlike criminal custody, a detained, removable
24  alien is free to leave federal custody simply by agreeing to leave the United States.
25  Richardson v. Reno, 180 F.3d 1311, 1317 (11th Cir. 1999).  However, unlike in
26  Richardson, where the petitioner claimed to be held in detention for twenty months,
27  Petitioner in the instant case has been held in detention for more than four years.  As
28

- 4 -

1 previously discussed, Petitioner's detention under § 1226(c) is unlawful because it has
2 significantly exceeded the permissible detention range contemplated in Tijani.

3     The Government also tries to distinguish the present case from Tijani by
4 differentiating the time spent in detention during administrative proceedings and the time
5 spent waiting for appeal.  See Mboussi-Ona v. Crawford, 2007 WL 3026946 (D.Ariz.
6 2007) (finding that the Tijani "gloss" on § 1226(c) does not apply to normal appeal time).
7 Here, Petitioner spent almost three years in administrative proceedings before appealing
8 the final decision to the Ninth Circuit.  Petitioner's time spent in custody during
9 administrative proceedings alone exceeds the total amount of acceptable detention
10 contemplated in Tijani, making the Government's argument inapplicable to the instant
11 case.  See Tijani, 430 F.3d at 1242 (holding that removal process of two years and eight
12 months was unlawful).  Therefore, the Tijani "gloss" is more than warranted in this case.

13     The Court, based on the above findings, adopts Magistrate Judge Estrada's R&R
14 and grants the Petition.  The Government must either release Petitioner from custody
15 under an order of supervision, or within sixty days of the date that this order is filed,
16 provide a hearing to Petitioner before an immigration judge with the power to grant him
17 bail unless the Government establishes that he is a flight risk or will be a danger to the
18 community.

19

20     **Accordingly,**
21     **IT IS HEREBY ORDERED** overruling the Respondent's objections to the
22 Magistrate Judge's Report and Recommendation.  (Dkt. #12).

23     **IT IS FURTHER ORDERED** adopting the Report and Recommendation of the
24 Magistrate Judge.  (Dkt. #9).

25     **IT IS FURTHER ORDERED** granting Petitioner's Writ of Habeas Corpus filed
26 pursuant to **28 U.S.C § 2241**.  (Dkt. #1)

27

28

1    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
2  granting the Petition and ordering that Respondent release Petitioner from custody under
3  an order of supervision, or in the alternative, that the Government, within sixty days of the
4  date of this order, provide a hearing to Petitioner before an immigration judge with the
5  power to grant him bail unless the Government establishes that he is a flight risk or will be
6  a danger to the community.

7    DATED this 27th day of June, 2008.

_____
Mary H. Murgula
United States District Judge

- 6 -